IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| FRANCES ANN BELL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:25-cv-01333 |
| JON CHRISTENSEN, et al., | ) ) | JUDGE CAMPBELL |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On November 17, 2025, Fayetteville, Tennessee resident Frances Ann Bell filed a pro se complaint against Franklin, Tennessee resident Jon Christensen and Rocky Top Properties, LLC ("Rocky Top"), as well as Lincoln County Court Clerk Lisa Corder Simmons, seeking the dismissal of a state court eviction action filed in Lincoln County under case number 25-CV-1131. (Doc. No. 1.) Claiming that the eviction action violates her "constitutional and divine rights to due process, liberty, and peaceful possession" (*id.* at 2), Plaintiff also seeks an award of damages. (*Id.* at 5.) She has attached to her Complaint the detainer summons issued by the Lincoln County General Sessions Court, which set a November 25, 2025 court date. (Doc. No. 1-2 at 35.) Plaintiff filed a Motion to Dismiss the Lincoln County eviction proceedings (Doc. No. 10), which this Court received on November 26, 2025.

## I. PAUPER STATUS

Plaintiff filed an application for leave to proceed in forma pauperis (IFP), declaring her inability to pay the $405 filing fee. (Doc. No. 2.) In the application, Plaintiff reports $2,400 in average monthly income from self-employment versus $1,375 in average monthly expenses. Given the nature of the state court proceedings against her, it is reasonable to infer that she cannot pay

the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

For purposes of initial review, the Court liberally construes the Complaint to seek redress under 42 U.S.C. § 1983 for a constitutional violation against a state actor, Clerk Lisa Corder Simmons. (*See* Doc. No. 1 at 2–3 (invoking due process rights "protected by the U.S. Constitution" and seeking to hold accountable "all involved in this matter, including judges, clerks and any agents of the court")); *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014) (stating that § 1983 claim requires allegations of a constitutional deprivation caused by a "state actor"). However, the State of Tennessee is immune from suit in federal court under Section 1983, as are state court employees in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 165–66, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity.") (citations omitted); *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("As for suits under § 1983, Tennessee has not consented to such lawsuits and Congress has not

2

Case 3:25-cv-01333   Document 11   Filed 12/02/25   Page 2 of 5 PageID #: 88

removed states' sovereign immunity under the statute."). A county court "is an arm of the State of Tennesssee," and the clerk of that court is thus a state employee. *Nashville Cmty. Bail Fund v. Gentry*, No. 3:20-cv-00103, 2020 WL 1274776, at *9–10 (M.D. Tenn. Mar. 17, 2020). Accordingly, Clerk Simmons is protected by sovereign immunity from any suit for damages against her in her official capacity.

Clerk Simmons is also personally immune from suit. The judges of Lincoln County enjoy absolute judicial immunity for actions taken in their judicial capacity, and the court clerk, though a non-judicial officer, is likewise absolutely immune to the extent that she is "performing tasks so integral or intertwined with the judicial process that [she is] considered an arm of the judicial officer who is immune." *Miller v. State of Tennessee*, No. 3:24-CV-00610, 2025 WL 555543, at *4 (M.D. Tenn. Feb. 19, 2025) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). This quasi-judicial immunity plainly applies to Simmons, whose only involvement with the underlying eviction action appears to be her issuance of the detainer summons on behalf of the Lincoln County General Sessions Court. (*See* Doc. No. 1-2 at 35); *Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988) (holding that court clerk's issuance of a warrant was a "truly judicial act" that entitled clerk to absolute immunity from suit). The case against Clerk Simmons must therefore be dismissed.

The remaining Defendants, Jon Christensen and Rocky Top, are not state but private actors who are not proper Section 1983 defendants and are not capable of violating Plaintiff's constitutional rights—unless, that is, they are alleged to have acted jointly with a state actor to do "something more" than merely instituting state eviction proceedings via normal statutory procedures, *Hill v. Langer*, 86 F. App'x 163, 165–66 (6th Cir. 2004) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)), or to have conspired with a state actor for the purpose of violating Plaintiff's rights. *See Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). But the mere

3

"filing [of] an eviction proceeding"—as opposed to acting under state law to obtain prejudgment attachment of the disputed property—"is not, in and of itself, a state action." *Hill*, 86 F. App'x at 167 (citing *Fallis v. Dunbar*, 532 F.2d 1061 (6th Cir. 1976)). And Clerk Simmons, herself immune, is not alleged to have colluded or conspired in any way with the other Defendants. Accordingly, no viable constitutional claim is asserted against Defendants Christensen and Rocky Top.

Finally, even if the case against these Defendants were properly before the Court, the Court would be required to abstain from granting "relief that would interfere with pending state judicial proceedings," such as Plaintiff's eviction case in Lincoln County. *Goodall v. Casper*, No. 3:22-CV-543-CHB, 2023 WL 3553130, at *4 (W.D. Ky. May 18, 2023) (quoting *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971))) (finding *Younger* abstention appropriate because ongoing eviction proceedings involve important state housing interests and provide an opportunity for tenant to raise constitutional claims). Therefore, the non-pecuniary relief sought in the Complaint and in Plaintiff's subsequent motion—dismissal of the state eviction action—could not be granted.

### III. CONCLUSION

For the above reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), for failure to state a claim upon which relief may be granted and for seeking monetary relief against an immune defendant. Plaintiff's Motion to Dismiss (Doc. No. 10) is **DENIED**.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE